United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TENNA ROGERS TOMPKINS, (BOP # 22006-078) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-20-3829 |
| TONYA HAWKINS, Warden, | § § § § | |
| Respondent. | | |

### MEMORANDUM OPINION AND ORDER

Tenna Rogers Tompkins, a federal inmate proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of the jail-time credits applicable to her sentence. (Docket Entry No. 1). The respondent, Tonya Hawkins,[1] answered with a motion for summary judgment, arguing that Tompkins's petition is moot because she has now been granted all of the jail-time credits she seeks. (Docket Entry No. 11). Tompkins has not filed a response, and the time to do so has now expired. Having considered the petition, the motion and response, all matters of record, and the applicable legal authorities, the Court determines that the petition should be dismissed for the reasons that follow.

---

[1]The previously named respondent in this action was Amy Boncher. The federal habeas statute provides that the proper respondent to a habeas petition is the person who has custody over the petitioner. 28 U.S.C. § 2242; *see also Padilla v. Rumsfeld*, 542 U.S. 426, 434 (2004). Tonya Hawkins is the Warden of the Federal Prison Camp in Bryan, Texas, where Tompkins is presently incarcerated. Therefore, she is the proper respondent. *See Padilla*, 542 U.S. at 435 ("[T]he proper respondent is the warden of the facility where the prisoner is being held.").

I.  **BACKGROUND**

On March 30, 2015, the United States District Court for the Eastern District of Texas sentenced Tompkins to a 125-month term of imprisonment for the offense of Conspiracy to Possess with Intent to Manufacture and Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine or 50 Grams or More of Methamphetamine (actual). (Docket Entry No. 11-1, at 39-44). The sentence was ordered to run concurrently with three Texas state prison sentences that Tompkins was already serving. (*Id.* at 40).

On October 18, 2019, Tompkins filed a request for administrative remedy with the respondent, alleging that she had not received jail-time credits against her federal sentence for the period from August 15, 2014, through March 29, 2015, even though she alleged that such credits were ordered by the federal court at sentencing. (Docket Entry No. 1-2, at 8). The respondent denied Tompkins's request on December 30, 2019, concluding that Tompkins was not entitled to jail-time credits for that period. (*Id.* at 7). On January 19, 2020, Tompkins filed a regional administrative appeal of the respondent's decision (*Id.* at 5), which was denied by the Regional Bureau of Prisons (BOP) Director on February 20, 2020. (*Id.* at 4). On March 1, 2020, Tompkins filed a Central Office Administrative Remedy Appeal with the BOP Office of General Counsel (*Id.* at 3), which was denied on April 13, 2020. (*Id.* at 1-2).

Having exhausted her administrative remedies, Tompkins filed her petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in this Court on November 10, 2020, raising the same claim concerning her jail-time credits. (Docket Entry No. 1). At that

2

time, she was an inmate at FPC Bryan in Bryan, Texas. (*Id.* at 1).

The Court ordered the respondent to answer Tompkins's petition. (Docket Entry No. 6). The respondent answered with a motion for summary judgment. (Docket Entry No. 11). In that motion, the respondent claims that Tompkins's petition should be dismissed as moot because the BOP conducted an audit of Tompkins's jail-time credit calculation, determined that she was entitled to the additional jail-time credits she sought, and adjusted her sentence accordingly. (*Id.* at 5-6). The respondent claims that because the BOP has awarded Tompkins all of the jail-time credits she sought, there is no longer a case or controversy for this Court to adjudicate. (*Id.*).

## II. DISCUSSION

Article III of the United States Constitution vests the federal courts with the judicial power to hear cases and controversies. U.S. CONST. art. III, § 2. The Supreme Court has held that the case-or-controversy requirement of Article III "limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980) (quoting *Flast v. Cohen,* 392 U.S. 83, 95 (1968)). When a case can no longer be resolved through the judicial process, either because "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case becomes moot. *Id.* (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). Mootness can arise when a dispute has been resolved, *see Am. Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988); when an intervening factual event causes the petitioner to no longer have a present right, stake, or interest in the outcome; or when "the

3

effect of the alleged violation is completely eradicated." *See Dailey v. Vought Aircraft, Co.,* 141 F.3d 224, 227 (5th Cir. 1998). And if a case becomes moot, the courts lose subject matter jurisdiction. *See North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (noting that the courts are "not empowered to decide moot questions or abstract propositions" (quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920))).

The habeas record shows that the BOP has granted Tompkins all of the jail-time credits she seeks in her petition and has recalculated her sentence accordingly. Because Tompkins has received all of the relief she seeks in this petition—jail-time credits for the period from August 15, 2014, through March 29, 2015—her claim is now moot. *See Sannon v. United States,* 631 F.2d 1247, 1250-51 (5th Cir. 1990) (when an administrative decision gives a petitioner what he sought, the case becomes moot); *O'Neal v. United States*, 399 F.2d 635, 636 (5th Cir. 1968) (dismissing appeal as moot when the appellant had been administratively awarded the jail credits he sought); *Jackson v. Dretke*, No. C-06-019, 2006 WL 2248081, at *2 (S.D. Tex. Aug. 3, 2006) ("Because petitioner has received the credit toward his sentence that he sought, his habeas claim is now moot."). This Court therefore dismisses Tompkins's petition with prejudice.

## III.   CERTIFICATE OF APPEALABILITY

Tompkins brings her petition solely under 28 U.S.C. § 2241. A certificate of appealability is not required when a federal prisoner brings a petition governed by § 2241, as Tompkins has here. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Ojo v. INS*, 106 F.3d 680, 681-82 (5th Cir. 1997)). Therefore, no certificate of appealability will issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 11), is **GRANTED**.

2. The petition for writ of habeas corpus is **DISMISSED as moot**.

3. A certificate of appealability is **DENIED** as unnecessary.

The Clerk shall also send a copy of this Order to the parties.

SIGNED at Houston, Texas on JUL 2 3 2021

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE